IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAEMY OH,                                )
                                         )
           Plaintiff,                    )
                                         )
     v.                                  )    Case No. 16 C 4592
                                         )
OCWEN LOAN SERVICING, LLC,               )
                                         )
           Defendant.                    )

## MEMORANDUM ORDER

Counsel for defendant Ocwen Loan Servicing, LLC ("Ocwen") has complied with this District Court's LR 10.1 by delivering a courtesy copy of Ocwen's Answer and Affirmative Defense to the Complaint brought against it by Taemy Oh ("Oh"). From reading that responsive pleading it is difficult to know whether defense counsel is simply a poor pleader, violating the "notice pleading" role of the federal litigation system, or may perhaps have obstructionist goals (or both).[1] In any case this sua sponte memorandum order is issued to require Ocwen's counsel to return to the drawing board to produce an acceptable responsive pleading.

To begin with, Ocwen's counsel repeatedly asserts that some of Oh's Complaint allegations "contain legal conclusions to which no response is required" (see Answer ¶¶ 2-4,

---

[1] In all events, counsel would do well to read the Appendix to this Court's opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276 (N.D. Ill. 2001), an effort by this Court well over a decade ago to identify a number of all-too-common venial (not mortal) sins by defense counsel, while at the same time sparing its then secretary of long standing the need for a constant retyping of the standards that errant counsel had violated.

39-42, 48 and 49[2]). Not so -- see App'x ¶ 2 to State Farm. All of those paragraphs of the Answer are accordingly stricken, but with leave granted (as provided hereafter) to cure counsel's errors with a replacement pleading.

Next counsel has sought to avoid the need to admit or deny certain of Oh's allegations, as called for by Fed. R. Civ. P. ("Rule") 8(b)(1)(B), by disclaiming either such response -- a disclaimer that the Rules' drafters have authorized in Rule 8(b)(5). But in each instance Ocwen's counsel has followed that disclaimer by stating "and on that basis, denies same (Answer ¶¶ 5, 16-18, 25, 29-31, 33 and 35[3]). It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation, then proceed to deny it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Next the Answer to Complaint ¶ 6 is puzzling. It appears to admit all of the allegations of Complaint ¶ 6 but then goes on to say:

> Ocwen denies the remaining allegations of paragraph 6.

For purposes of clarity in disclosing the areas in which the parties are or are not on the same page, that response should be redrafted the next time around.

Next Ocwen's counsel flouts the purpose of notice pleading by asserting that each of several statutes "speaks for itself" (Answer ¶¶ 37, 38, 45 and 47). On that score, see App'x ¶ 3 to

---

[2] This listing may not be all-inclusive -- but it is frankly an imposition to have placed on this Court the need to do counsel's work for him by engaging in a paragraph-by-paragraph critique of an inappropriate pleading. If this or any later listing has omitted any paragraphs that contain errors of the type dealt with in this memorandum order, counsel will be expected to correct them on his own.

[3] It should be emphasized that this Court expresses no view as to the substantive propriety of the disclaimers -- for present purposes it assumes that they are made in good faith.

State Farm. And as if that dodge to avoid responding directly were not enough, Ocwen's counsel goes on to assert:

> To the extent Plaintiff has misquoted, mischaracterized or misconstrued the referenced statute, Ocwen denies the allegations in paragraph --.

There is no reason for counsel to hide behind such an uninformative locution. Oh's allegations must be answered directly.

In sum, the entire responsive pleading is stricken, to be replaced by a self-contained Amended Answer and Affirmative Defense -- that will avoid the need to deal piecemeal with two separate pleadings. That amended response is ordered to be filed on or before July 28, 2016. No charge may be made to Ocwen by its counsel for the added work and expense incurred in correcting counsel's errors. Ocwen's counsel is ordered to apprise his client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: July 14, 2016